# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10604
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2014

Lyle W. Cayce
Clerk

ANDREW SIEBERT,

Petitioner-Appellant

v.

RODNEY CHANDLER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-269

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andrew Siebert, federal prisoner # 33672-177, was convicted by a jury of conspiring to commit and committing wire fraud, mail fraud, and bank fraud and was sentenced to a total of 60 months of imprisonment and a three-year term of supervised release. Siebert now appeals the denial of his 28 U.S.C. § 2241 petition in which he argued that he was entitled to credit for time served during his release on bail to home confinement. Although he also asserted in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his petition that the district court "failed to convey to him the consequences of electing bail" and that the oral pronouncement of sentence conflicted with the written judgment regarding the term of supervised release, he does not challenge the district court's resolution of those claims and has therefore abandoned them on appeal. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

As for Siebert's argument that he was entitled to credit towards his sentence for the time he served in home confinement, his argument is without merit. *See Reno v. Koray*, 515 U.S. 50, 57-65 (1995). Before surrendering to the Federal Bureau of Prisons (BOP) for service of his sentence, Siebert was released on bail, subject to home confinement. Because he was not committed to the custody of the Attorney General or subject to the BOP's control, he was not in "official detention" for purposes of 18 U.S.C. § 3585(b), which provides that a defendant is entitled to credit toward the service of a term of imprisonment for any time he has served in "official detention prior to the date the sentence commences." *See Koray*, 515 U.S. at 57-58. Thus, Siebert was not entitled to credit against his sentence for the time spent in home confinement. *Id.* at 58-65. Further, although Siebert points to the Sentencing Guidelines and 18 U.S.C. § 3583 in support of his argument, none of the provisions Siebert cites for support relate to whether he served time in "official detention" prior to the date his sentence commenced. *See* § 3585(b); *Koray*, 515 U.S. at 58-65.

Accordingly, the judgment of the district court is AFFIRMED.